1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL DARRYL YOUNG, et. al., | Case No.  1:14-cv-01471-LJO-SAB |
| Plaintiffs, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| MICHAEL R. KIETZ, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Lavell Darryl Young, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a complaint on September 22, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Salinas Valley State Prison.  Plaintiff brings this action on behalf of himself and his wife, Jacqueline Rena Morris against Defendants Michael R. Kietz & Associates and Sally O. Moreno.

On April 24, 2014, Plaintiff's wife was arrested for child abuse and endangerment.  (Compl. 3, ECF No. 1.)  At the time of the arrest, Plaintiff was incarcerated.   Plaintiff Young contends that on August 26, 2014, Defendant Moreno filed charges against his wife due to Plaintiff's history of being a registered sex offender.  (<u>Id.</u>)  Plaintiff Young states that his past has nothing to do with his wife's criminal prosecution and he is being punished when he is not on trial. (<u>Id.</u>)  Plaintiff Young believes that Defendant Moreno told his wife she cannot have any contact with him if she wants to keep her children.  Plaintiff Young brings this action for violation of the Freedom of Information Act, Discrimination, Due Process and state law claims of slander, verbal assault, and defamation seeking injunctive relief and punitive damages.

1

**III.**

2

**DISCUSSION**

3

**A.      Plaintiff May Not Represent His Wife in this Action**

4

Plaintiff names his wife as a plaintiff on the complaint.  A non-lawyer may not represent

5

anyone but himself in court.  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997);

6

C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).   In some

7

circumstances a litigant may seek relief for third persons, however, the litigant must demonstrate

8

1) the litigant suffered an injury in fact; 2) that there is a close relationship between the litigant

9

and the individual who possesses the right that the litigant is asserting; and 3) there is a

10

hindrance to the individual's ability to assert his own rights.  Coalition of Clergy, Lawyers, and

11

Professionals, 310 F.3d at 1163; Fleck and Associates, Inc., 471 F.3d at 1105 n.3;  McCollum v.

12

California Dep't of Corrections and Rehabilitation, 647 F.3d 870, 878 (9th Cir. 2011).

13

Further, constitutional rights are personal rights and only the person subject to the

14

violation has standing to bring suit.  See Whitmore v. Arkansas, 495 U.S. 149, 160 (1990).  "The

15

general rule is that only the person whose [personal] rights were violated can sue to vindicate

16

those rights."  Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).

17

Plaintiff does not have standing to bring his wife's claims and cannot represent his wife

18

in this action.

19

**B.      Supervisory Liability**

20

Plaintiff brings this action against Defendant Michael R. Kietz and Associates.   The

21

Court takes judicial notice that Michael R. Kietz is the District Attorney for the County of

22

Madera.    See County of Madera, District Attorney HomePage at http://madera-

23

county.com/index.php/department-overview (last visited November 2, 2014).

24

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

25

other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

26

1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

27

Jones, 297 F.3d at 934.  To state a claim, Plaintiffs must demonstrate that each defendant

28

personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 677; Simmons v.

3

1  Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588

2  F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

3        Under section 1983, liability may not be imposed on supervisory personnel for the

4  actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556

5  U.S. at 677; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

6  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional

7  deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful

8  conduct and the constitutional violation."  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.

9  2013) (citations omitted).  Supervisors may be held liable where they "participated in or directed

10  the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880

11  F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011);

12  Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

13        Plaintiff does not allege any facts from which the Court could infer that Defendant Kietz

14  participated in, directed or knew of violations and failed to act to prevent them in a violation of

15  Plaintiff's federal rights.

16        **C.**      **Prosecutorial Immunity**

17        Prosecutors are immune from liability under 42 U.S.C. § 1983.  Imbler v. Pactman, 424

18  U.S. 409, 427 (1976); see Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th

19  Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in

20  their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that

21  judges and prosecutors are immune from liability for damages under section 1983).  Where a

22  prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's

23  case,' absolute immunity applies."  Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at

24  431).  Defendant Moreno is entitled to absolute immunity for actions taken during the

25  prosecution of the case against Plaintiff's wife.

26        **D.**      **Equal Protection**

27        Plaintiff alleges discrimination which the Court construes as an equal protection claim.

28  An equal protection claim may be established by showing that the defendant intentionally

1  discriminated against the plaintiff based on the plaintiff's membership in a protected class, <u>Lee v.</u>

2  <u>City of Los Angeles</u>, 250 F.3d 668, 686 (2001); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194

3  (1998), or that similarly situated individuals were intentionally treated differently without a

4  rational relationship to a legitimate state purpose, <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158,

5  1167 (2005); <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

6       Plaintiff does not allege that he was a member of a protected class or that any similarly

7  situated individuals were treated differently.  Further, there are no factual allegations to infer any

8  discriminatory conduct by any named defendant.   Plaintiff's conclusory statement of

9  discrimination is insufficient to state a claim.

10      **E.      Due Process**

11      Without identifying how, Plaintiff also alleges that his due process rights have been

12  violated.  Based upon the allegations in the complaint, the Court assumes that Plaintiff's due

13  process claim is based on his allegations that the State is attempting to take away his parental

14  rights.   "It is well established that a parent has a fundamental liberty interest in the

15  companionship and society of his or her child and that the state's interference with that liberty

16  interest without due process of law is remediable under 42 U.S.C. § 1983." <u>Lee</u>, 250 F.3d at

17  685.  However, the complaint is devoid of any factual allegations to support Plaintiff's statement

18  that the state is attempting to take away his parental rights.

19      To state a claim under section 1983, Plaintiff must demonstrate that each defendant

20  personally participated in the deprivation of his rights.  <u>Iqbal</u>, 556 U.S. at 677; <u>Simmons</u>, 609

21  F.3d at 1020-21; <u>Ewing</u>, 588 F.3d at 1235; <u>Jones</u>, 297 F.3d at 934.   In other words, to state a

22  claim for relief under section 1983, Plaintiff must link each named defendant with some

23  affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

24      Plaintiff has not alleged any facts from which the Court could infer that any named

25  Defendant is attempting to terminate his parental rights.  Plaintiff is advised that in amended his

26  complaint he needs to not only link the named defendants to acts that violated his federal rights,

27  but he must plead which acts are alleged to violate each federal right.

28  ///

5

1    **F.      Freedom of Information Act**

2           Plaintiff alleges a violation of the Freedom of Information Act ("FOIA").  The FOIA is a

3    federal law that gives individuals a judicially-enforceable right to receive information from

4    federal agencies.  5 U.S.C. § 552; Lion Raisins v U.S. Dept. of Agriculture, 354 F.3d 1072, 1079

5    (9th Cir. 2004).  "[T]he elements of a FOIA claim are (1) improperly (2) withheld (3) agency

6    records.  Marcusse v. U.S. Dep't of Justice Office of Info. Policy, 959 F. Supp. 2d 130, 140

7    (D.D.C. 2013).

8           This action does not involve allegations that any federal agency has improperly withheld

9    records.  Plaintiff fails to state a claim under the FOIA.

10    **G.      Equitable Relief**

11          Plaintiff seeks a temporary restraining order and injunctive relief.  "A temporary

12    restraining order is designed to preserve the status quo until there is an opportunity to hold a

13    hearing on the application for a preliminary injunction."  Whitman v. Hawaiian Tug and Barge

14    Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998).  The

15    factors considered for issuing a temporary restraining order are the same as the standards for

16    issuing a preliminary injunction.  Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir.

17    2008).

18          "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter

19    v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted).  "A

20    court may grant a preliminary injunction only if the plaintiff establishes four elements: (1)

21    likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a

22    preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive

23    relief is in the public interest."  Leigh v. Salazar, 677 F.3d 892, 896 (2012); Alliance for Wild

24    Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).  An injunction may only be awarded

25    upon a *clear showing* that the plaintiff is entitled to relief.  Winter, 129 S. Ct. at 376 (citation

26    omitted) (emphasis added).

27          Plaintiff seeks relief to prevent the district attorney from using his past in his wife's

28    criminal proceedings.  As discussed above, Plaintiff cannot bring this action on behalf of his

1  wife.  Plaintiff does not have standing to seek the relief requested.

2      Plaintiff also seeks documentation and a hearing on the foundation to take away his

3  parental rights.  Plaintiff's complaint does not contain any factual allegations that any defendant

4  is attempting to take away his parental rights.  Since Plaintiff has failed to state a claim showing

5  that he is entitled to relief, the request for a preliminary injunction must be denied.

6      **H.     State Law Claims**

7      The California Tort Claims Act requires that a tort claim against a public entity or its

8  employees be presented to the California Victim Compensation and Government Claims Board,

9  formerly known as the State Board of Control, no more than six months after the cause of action

10  accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a

11  written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

12  Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified

13  School District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a

14  plaintiff must allege compliance with the California Tort Claims Act.  Cal. Gov't Code § 950.6;

15  Bodde, 90 P.3d at 123.  "[F]ailure to allege facts demonstrating or excusing compliance with the

16  requirement subjects a compliant to general demurrer for failure to state a cause of action."

17  Bodde, 90 P.3d at 120.

18      If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show

19  he has complied with the requirements of the California Tort Claim Act.  In the paragraphs that

20  follow, the court will provide Plaintiff with the legal standards that appear to apply to the

21  California state law claims.  Plaintiff should carefully review the standards and amend only those

22  claims that he believes, in good faith, are cognizable.

23      1.    Defamation

24      "Defamation is an invasion of the interest in reputation" and "involves the intentional

25  publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure

26  or which causes special damage."  Smith v. Maldonado, 72 Cal.App.4th 637, 645 (1999).  In the

27  context of defamation, publication means communicating to a third party who understands the

28  meaning of the defamatory statement and its application to the individual.  Smith, 72 Cal.App. at

645.  Where the words are not defamatory on their face, or are ambiguous, the plaintiff must also allege extrinsic circumstances to prove the meaning or innuendo that made the statement defamatory.  Id. at 645-46.

Defamation is effected by either libel or slander.  Cal. Civ. Code § 44.  Slander is a false and unprivileged oral publication which:

> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
> 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
> 4. Imputes to him impotence or a want of chastity; or
> 5. Which, by natural consequence, causes actual damage.

Cal. Civil Code § 46.

"'To establish a prima facie case for slander, a plaintiff must demonstrate an oral publication to third persons of specified false matter that has a natural tendency to injure or that causes special damage."  City of Costa Mesa v. D'Alessio Investments, LLC, 214 Cal.App.4th 358, 375-76 (2013) (quoting Mann v. Quality Old Time Service, Inc., 120 Cal.App.4th 90, 106 (2005)).  Factual truth is a defense to defamation actions.  City of Costa Mesa, 214 Cal.App.4th at 378.

      2.    Assault

For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm.  Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted).

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights.  Plaintiff is granted leave to file an amended complaint within

thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint, filed September 22, 2014, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

3.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 7, 2014**

_____
UNITED STATES MAGISTRATE JUDGE